# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* STURGIS, Minors.

UNPUBLISHED
December 3, 2015

No. 324127
Wayne Circuit Court
Family Division
LC No. 13-514853-NA

AFTER REMAND

Before: M. J. KELLY, P.J., and WILDER and K. F. KELLY, JJ.

PER CURIAM.

This case, which involves a petition by the minor children's mother to terminate the parental rights of her former husband to the children, returns to us after remand for a best interests hearing. See *In re Sturgis Minors*, unpublished opinion per curiam of the Court of Appeals, issued April 28, 2015 (Docket No. 324127). As we related in our previous opinion, this case has a convoluted procedural history, which has involved several courts over a period of years; for brevity's sake, we will not repeat that history here. See *id.* at 1-3. We previously determined that the trial court clearly erred when it found that petitioner had not established *any* ground for termination. *Id.* at 4. Although we recognized that the trial court had also denied petitioner's request for relief on the ground that termination of respondent's parental rights was not in the children's best interests, we stated that we could not affirm on that basis because the record did not permit meaningful appellate review of the trial court's finding. *Id.* at 5. Accordingly, we vacated the trial court's order dismissing the petition and remanded the case for a new best interests hearing; we further asked the trial court to specifically address certain issues and enter an order consistent with its finding. *Id.* at 5-6. The trial court has since completed the best interests hearing and found that the termination of respondent's parental rights is not in the children's best interests. Because we conclude that the trial court did not clearly err in making its best interests finding, we affirm.

Even though petitioner did establish at least one ground for terminating respondent's parental rights by clear and convincing evidence, the trial court could not terminate his parental rights unless it also found "by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez,* ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 4, citing MCL 712A.19b(5) and *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In determining whether termination is in the children's best interests, the court

should consider all the evidence, including the parent's history of domestic violence, visitation history, and the well-being of the children while in care. *In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014). The court may also consider the children's bond to the parent, the parent's parenting ability, and the children's need for permanency, stability, and finality. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).

In its opinion, the trial court stated that it reviewed all the record evidence, including the records pertaining to respondent's convictions for criminal sexual conduct. The court noted that the convictions occurred long ago and that respondent served his sentences and completed court ordered therapy. The court further explained that there was no evidence that respondent had "any continuing involvement in criminal activity" since he completed his sentences.

The trial court also addressed respondent's involvement in the prior termination case. The court agreed that the "physical and emotional abuse to [the other children] in 2004 was severe." Nevertheless, it felt that respondent's history was no longer indicative of his parenting ability: "[H]e certainly was a danger to his then girlfriend's children, . . . and it is much easier to opine in 2006 and 2007 that he would, therefore, likely present a danger of neglect or abuse to even his own small children . . . based on the assessment of some of his failure to benefit from the services of a parent/agency treatment plan." Consequently, the trial court found that, on the whole record, respondent does not pose a danger to the children.

The trial court rejected the testimony by the children that tended to suggest that respondent had recently neglected their care and exposed them to inappropriate materials. The trial court specifically found that petitioner had "issues of her own . . . including some questionable care and supervision" that contributed to the difficulties with the children and further stated that there was evidence "of secondhand influence by mother" on one child's testimony. The trial court found it noteworthy that respondent has been living with his new wife and was "parenting two other children in that home without any court intervention." Further, a new report suggested that respondent "has shown insight into his contributions to the difficulties within the family unit . . ." From this evidence, the court found that respondent had benefitted from his prior services and had "demonstrated a capacity and desire to properly parent" the children and was concerned about their needs. Finally, the trial court recognized that the children were older and did not "need" the court to protect them from respondent. Considering the totality of the evidence and its individual findings, the court found that termination of respondent's parental rights was not in the children's best interests.

It is evident from the record that the trial court carefully and fully reviewed the evidence in arriving at its best interests finding. The trial court also—as we instructed—addressed respondent's criminal history and history of prior terminations and specifically found that respondent's past acts were not indicative of his present parenting ability. Although respondent's past is troubling, we cannot say that the trial court clearly erred when it found that these past events were no longer indicative of respondent's present parenting abilities, or demonstrated that he posed a danger to his children. *In re JK*, 468 Mich 202, 209; 661 NW2d 216 (2003). It is not this Court's place to substitute its own judgment for that of the trial court; rather, we must defer to the trial court's superior ability to judge the credibility of the testimony and evidence. See *In re Miller*, 433 Mich 331, 337-338; 445 NW2d 161 (1989). Several judges of the lower court have now had an opportunity to review this case over a significant span of

time; and those judges have—for one reason or another—determined that it was not appropriate to terminate respondent's parental rights to these two children.  The children need a final decision.  On the record before it, the trial court's finding as to the children's best interests could have gone either way; for that reason, we cannot state that we are left with the definite and firm conviction that the trial court was mistaken. *In re JK*, 468 Mich at 209-210.

The trial court did not err when it denied petitioner's request to terminate respondent's parental rights to the children.  Accordingly, we affirm.  Nothing in this opinion or this Court's prior opinion should be understood to require the trial court to retain jurisdiction.

Affirmed.

/s/ Michael J. Kelly
/s/ Kurtis T. Wilder

K. F. Kelly, J., did not participate.